IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLEY HOWE,

                           Plaintiff,                      ORDER

    v.

                                                         11-cv-179-slc

CITY OF MADISON, WISCONSIN
and NOBLE WRAY, in his official capacity as
Chief of Police of the City of Madison, WI

                          Defendants.

---

      This is a proposed civil action for relief brought under 42 U.S.C. § 1983. Plaintiff Kelley Howe alleges that his constitutional rights were violated when he was arrested and his rifle was confiscated on or about September 28, 2010. Plaintiff has asked for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

      In this case, plaintiff's annual income $23,016. Because plaintiff's income falls in the $16,000 to $32,000 range, he must prepay half of the $350 fee for filing this case. Once

payment has been received, the court will review the merits of plaintiff's complaint to determine whether one or more claims must be dismissed as frivolous or malicious, for failure to state a claim on which relief may be granted or because plaintiff is seeking money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff Kelley Howe may have until April 5, 2011, in which to submit the $175 prepayment of the filing fee for this lawsuit. If, by April 5, 2011, plaintiff fails to submit this prepayment, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 15th day of March, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge